**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

EFRAIN BALTAZAR-FELIX, a/k/a
Ramon Esquiel-Viera,
            *Defendant-Appellant.*

No. 02-4012

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-01-153-H)

Submitted: July 18, 2002

Decided: July 29, 2002

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Scott L. Wilkinson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Efrain Baltazar-Felix appeals his conviction and seventy-two month sentence following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(b)(2) (2000). Baltazar-Felix's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether 8 U.S.C. § 1326 is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Counsel concedes, however, that there are no meritorious grounds for appeal. Although notified of his right to do so, Baltazar-Felix has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Because Baltazar-Felix did not raise the constitutionality of § 1326 before the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Section 1326 provides a two-year maximum sentence for any alien who illegally enters the United States after having been deported. 8 U.S.C. § 1326(a). If the removal was subsequent to a conviction for an aggravated felony, the statutory maximum increases to twenty years. § 1326(b)(2). In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that § 1326(b)(2) is a sentencing factor rather than a separate offense.

We have expressly determined that the holding in *Almendarez-Torres* was not overruled by *Apprendi*. *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002). Accordingly, the Government was not required to charge the fact of Baltazar-Felix's prior aggravated felony conviction in the indictment or prove it beyond a reasonable doubt.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm

Baltazar-Felix's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*